UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAZARO EMANUEL BARCIA PINEDA, A-220-660-875,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MESA VERDE DETENTION CENTER,<br><br>Respondent. | No. 1:26-cv-06276 DAD AC<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner, an immigration detainee, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"), followed by an Amended Petition for Writ of Habeas Corpus filed by appointed counsel. ECF Nos. 1, 14. The amended petition argues that petitioner's 2026 re-detention without pre-deprivation process violates the Immigration and Nationality Act ("INA") and the federal due process clause, and that the punitive conditions of confinement at the California City Detention Center violate petitioner's substantive due process rights. ECF No. 11 at 5-7. Petitioner seeks immediate release from confinement or alternatively, a custody hearing before a neutral decisionmaker. Id. at 2. As discussed below, the court recommends that petitioner's request for habeas relief be granted, and that petitioner be immediately released.

I. Factual Background

Petitioner is a native and citizen of Cuba who entered the United States without inspection in 2021, when he was encountered by Border Patrol Agents. ECF No. 12 at 4 (I-213). After expressing fear of returning to Cuba, he was served with a Notice to Appear alleging he is inadmissible pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), as amended, as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. Id. at 5.[1] Petitioner was then released on his own recognizance for several years. Id. at 7. (December 14, 2021, Order of Release on Recognizance); id. at 12 (December 12, 2021, Notice of Custody Determination).

Although petitioner asserts he has remained in ICE custody since May 16, 2026, a warrant was not issued for his arrest until June 17, 2026. Id. at 9-10; ECF No. 14 at 3.[2] He has an asylum application which remains pending, as well as authorization to work in the United States. Id. at 2. He has no significant criminal history and is currently incarcerated at the California City Immigration Processing Center. Id.

II. Procedural History

On July 29, 2026, the pro se § 2241 petition was filed in the Central District of California. ECF No. 1. After the case was transferred to this district, where petitioner is currently detained, the undersigned appointed counsel *sua sponte* to represent petitioner and further ordered respondents to file a response which specified the asserted basis of and legal authority for petitioner's detention and to include "petitioner's Form I-213 for each immigration encounter, any orders of release or detention, any custody warrants or notices, and, if respondents dispute any factual representations in the operative petition, any and all documents necessary to support their view of the facts." ECF No. 11.

---

[1] Issuance of an NTA is noted in the Form I-213, but respondents failed to file a copy in the record. Id. at 5.

[2] Respondents did not provide a Form I-213 reflecting petitioner's most recent immigration encounters, or any additional records relating to petitioner's most recent interactions with immigration officials.

Respondents' opposition to the petition asserts that petitioner's "[d]etention in this case was pursuant to 8 U.S.C. § 1225(b)(2)(A)," which respondents maintain governs this case. ECF No. 12 at 1. Respondents "acknowledge, however, that Rodriguez Vazquez v. Bostock, [183 F.4th 1160 (9th Cir. 2026)] holds that § 1226(a) governs Petitioner's detention." Id. Respondents assert that "Petitioner is therefore entitled to seek a custody redetermination hearing before an immigration judge" Id. Although respondents concede that petitioner is entitled to a custody hearing before an immigration judge under 8 U.S.C. § 1225(a), the record before the court does not reflect that respondents have provided any such hearing since petitioner was detained by DHS.

With assistance of appointed counsel, petitioner filed an amended habeas petition on September 9, 2026. ECF No. 14. Based on respondents' concession that Rodriguez Vazquez v. Bostock is the controlling authority with respect to petitioner's detention, petitioner contends that the government's treatment of him as though he is subject to mandatory detention under 8 U.S.C. § 1225 violates the Immigration and Nationality Act, as well as his due process rights under the Fifth Amendment. Id. at 5-6. Finally, petitioner argues that the punitive nature of his confinement violates his right to substantive due process. Id. at 8-11. Petitioner seeks immediate release from custody or, alternatively, a prompt bond hearing before a neutral decision-maker. Id. at 2.

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

"District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]"

Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

IV. Discussion

Petitioner asserts that his re-detention without pre-deprivation notice and a hearing violates his rights under the INA and the due process clause. ECF No. 14. Respondents assert that petitioner was detained under 8 U.S.C. § 1225(b)(2)(A) but further acknowledge that Rodriguez Vazquez held that 8 U.S.C. § 1226(a) governs petitioner's detention and entitles him to a custody determination hearing. ECF No. 12 at 1.

As the parties acknowledge, the Ninth Circuit Court of Appeals recently rejected respondents' application of 8 U.S.C. § 1225(b)(2) to noncitizens like petitioner. See ECF No. 12 at 1 ("Detention in this case was pursuant to 8 U.S.C. § 1225(b)(2)(A), and Respondents respectfully maintain position that such provision governs here."). In Rodriguez Vazquez v. Bostock, the Ninth Circuit held that "noncitizens present without admission who are apprehended in the interior of the United States"—like petitioner—"are subject to the detention regime of § 1226(a) not § 1225(b)(2)(A)." 183 F.4th 1160, 1165, 1193 (9th Cir. 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. Id. Indeed, respondents appear to concede this point. ECF No. 12 at 1 ("Respondents acknowledge, however, that Rodriguez Vazquez v. Bostock, 2026 WL 2196424 (9th Cir. July 30, 2026), holds that § 1226(a) governs Petitioner's detention.").

As this court has previously recognized, § 1226(a) provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." D.Y. v. Warden of the Golden State Annex, No. 1:26-CV-06235-TLN-CSK, 2026 WL 2391205, at *2 (E.D. Cal. Aug. 17, 2026) (quoting Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022)). In addition,

> courts have found each of the following violations of the

> requirements of 8 U.S.C. § 1226(a) to provide a sufficient basis mandating a petitioner's release: (1) failure to arrest following or contemporaneously with the issuance of a warrant pursuant to § 1226(a); (2) failure to issue a Notice to Appear charging the petitioner as inadmissible prior to, or contemporaneously with, the detention of the petitioner; (3) failure to provide the petitioner with an initial custody determination either prior to or contemporaneously with detention; (4) failure to provide the petitioner an opportunity to demonstrate to the immigration officer that release would not pose a danger to property or persons and that the petitioner is likely to appear for future proceedings; and (5) failure to provide the petitioner with the basis for the petitioner's continued detention.

Zurita Navarro v. Warden Ctrl. Valley Annex Det. Facility, No. 1:26-CV-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (collecting cases). Here, respondents have not demonstrated that they have complied with the procedural protections of § 1226(a) during petitioner's detention, such as providing him with an opportunity to demonstrate to an immigration officer that release would not pose a danger to property or persons and that the petitioner is likely to appear for future proceedings. Respondents' conduct has therefore run afoul of petitioner's statutory rights under 8 U.S.C. § 1226(a), which respondents appear to acknowledge through their concession he is entitled to a custody redetermination hearing. ECF No. 12 at 1.

As to petitioner's due process claim, the court finds that (1) petitioner possesses a protected liberty interest and (2) he was denied the process necessary to ensure that any deprivation of that interest accords with the Constitution. See Morrissey v. Brewer, 408 U.S. 471, 481 (1972). The record in this case establishes that petitioner developed a clear interest in his continued freedom protected by the Due Process Clause during the many years he lived freely in this country prior to his current detention after DHS released him on his own recognizance in 2021. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001). Petitioner asserts that he was detained and has remained in ICE custody since May 16, 2026, and respondents have not provided any evidence to contradict petitioner's account. ECF No. 14 at 3. Respondents have only provided a warrant dated June 17, 2026, which, according to petitioner's timeline, was served nearly a month after his arrest. ECF No. 12

at 9. As petitioner has been deprived of the liberty secured by the Due Process Clause and this deprivation may continue for a protracted and indefinite period, petitioner has established his liberty interest. See Zadvydas, 533 U.S. at 690, 693.

Having established that petitioner has a protected liberty interest, the court must determine what process is owed under the Constitution. As noted above, respondents have conceded that the Ninth Circuit's decision in Rodriguez Vazquez establishes that petitioner has a statutory right to a bond hearing but have nevertheless failed to afford him one throughout his many months of immigration detention. ECF No. 12 at 1. The undersigned finds this case indistinguishable from those cases previously decided by this court granting release where the government has conceded the petitioner has "a statutory right to a bond hearing" under Rodriguez Vasquez but the lengthy delay in providing the statutorily mandated bond hearing violates Petitioner's due process rights and justifies release. See, e.g., Zurita Navarro v. Warden Ctrl. Valley Annex Det. Facility, No. 1:26-CV-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (inferring that, where respondent conceded petitioner was detained pursuant to 8 U.S.C. § 1225(b)(2)(A), petitioner was not provided with the pre-deprivation process statutorily required by § 1226(a), including an initial custody determination, an opportunity to demonstrate he would not pose a danger or flight risk, and notice of the basis for his ongoing detention); Zepeda v. Cent. Valley Annex, No. 1:26-CV-07202-DJC-CSK, 2026 WL 2875732, at *1 (E.D. Cal. Sept. 23, 2026) (holding the "lengthy delay in providing the statutorily mandated bond hearing violates Petitioner's due process rights and justifies release" where the government conceded Rodriguez Vasquez controls but did not provide the bond hearing within two months); Basilio-Antonio v. Lyons, No. 1:26-CV-06209-DJC-SCR, 2026 WL 2369319, at *1 (E.D. Cal. Aug. 14, 2026) (same where petitioner was not granted a bond hearing within approximately three weeks following his arrest).

Importantly, respondents neither argue that petitioner is a flight risk or a danger to public safety nor provide any evidence that a neutral arbiter has ever specifically evaluated these factors or made such a determination. It is not this court's role to determine whether petitioner is a danger or flight risk, and, while a neutral decisionmaker *could* make such a determination at a

properly noticed hearing, the failure to provide such a hearing to petitioner presents a serious risk that petitioner has been erroneously deprived of his liberty interest.

Considering the facts of this case and respondents' failure to materially distinguish similar precedent in this district, including Zurita Navarro, the undersigned adopts and incorporates by reference the reasoning in those cases and finds that petitioner is subject to § 1226(a), not § 1225(b)(2), and was statutorily entitled to a bond hearing and other pre-deprivation process under 8 U.S.C. § 1226(a). See Zurita Navarro, 2026 WL 2294963, at *2; Zepeda v. Cent. Valley Annex, 2026 WL 2875732, at *1; Basilio-Antonio, 2026 WL 2369319, at *1. Respondents do not assert any alternative basis for petitioner's detention or identify any extenuating circumstances that would warrant petitioner's continued unlawful detention pending a bond hearing, and therefore the undersigned recommends petitioner's immediate release as the appropriate habeas relief.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's amended petition for writ of habeas corpus (ECF No. 14) be GRANTED, as follows:
    a. Respondents shall IMMEDIATELY RELEASE petitioner LAZARO EMANUEL BARCIA PINEDA, A-220-660-875, from custody, subject to the same conditions to which he was subject prior to his May 2026 arrest. At the time of release, respondents must return all of petitioner's documents and possessions.
    b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.
    c. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating by clear and convincing evidence that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

d. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

2. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release.

3. The Clerk of the Court be further directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 17, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE